## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANNETTE LOUISE JOHNSON**<br><br>**Plaintiff,**<br><br>v.<br><br>**GERALD HENNEGHAN,**<br><br>**Defendant.** | **Civil Action No.  12-1023 (JDB)** |

## MEMORANDUM OPINION AND ORDER

Defendant, proceeding *pro se*, seeks removal of this action.  For the reasons explained below, the case will be dismissed and remanded to the Superior Court for the District of Columbia.

The removal statute authorizes a defendant to remove "a civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  28 U.S.C. § 1441(a).  Defendant bears the burden of establishing the appropriateness of removal.  <u>See</u> <u>Wexler v. United Air Lines, Inc.</u>, 496 F. Supp. 2d 150, 152 (D.D.C. 2007).  Because removal from state to federal court "implicates significant federalism concerns, a court must 'strictly construe[] the scope of its removal jurisdiction.'"  <u>Steele v. Salb</u>, 681 F. Supp. 2d 34, 36 (D.D.C. 2010) (quoting <u>Downey v. Ambassador Dev.</u> , 568 F. Supp. 2d 28, 30 (D.D.C. 2008)); <u>see also</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941).  Consequently, "[w]here the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand."  <u>Johnson-Brown v. 2200 M St. LLC</u>, 257 F. Supp. 2d 175, 177 (D.D.C. 2003); <u>see also</u> <u>Downey</u>, 568 F. Supp. 2d at 30 (quoting <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc)) (explaining that "'if federal jurisdiction is doubtful, a remand to state court is necessary'"); <u>Wexler</u>, 496 F. Supp. 2d at 152

(same).  Where it is clear that "a district court lacks subject matter jurisdiction over a case that

has been removed from a state court, the district court *must* remand the case."  Republic of

Venezuela v. Philip Morris Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) (emphasis added) (citing 28

U.S.C. § 1447(c)).

None of the requirements for removal is satisfied here.  The Superior Court granted in

part plaintiff's emergency motion for temporary custody and scheduled a child custody hearing.

See Order, Johnson v. Henneghan, 2011 DRB 3883 (June 7, 2012).  Defendant essentially seeks

to challenge the jurisdiction of the Superior Court to grant the requested relief, arguing that it

"lacks jurisdiction to modify the parties' Virginia Child Custody Orders."  Notice of Removal ¶

13, ECF No. 1.  He also claims monetary damages of $10,000,000 for the allegedly "fraudulent

filings and pleadings" made by plaintiff in the Superior Court proceedings.  Id. ¶ 16.

To the extent that defendant challenges the underlying child custody determinations, or

the Superior Court's orders granting the emergency motion for temporary custody and scheduling

further proceedings, this Court lacks jurisdiction to review those state court rulings.  See Fed. R.

Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks

subject matter jurisdiction); 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); Dist. of

Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Bennett v. Bennett, 682 F.2d

1039, 1042 (D.C. Cir. 1982) (district court lacks jurisdiction to grant injunctive relief relating to

the custody rights over children); Fleming v. United States, 847 F. Supp. 170, 172 (D.D.C.

1994), cert. denied 513 U.S. 1150 (1995) ("[F]ederal district courts . . . have no authority to

review a final judgment of a state court that has acted in its judicial capacity.").  The same

reasoning also applies to defendant's argument contesting the Superior Court's jurisdiction. See

Richardson v. District of Columbia, 05-210, 2005 WL 711839, at *3 (D.D.C. Mar. 29, 2005)

("The lower federal courts do not sit to review challenges to state court decisions, including challenges to the state court's jurisdiction.") (citing Feldman).

The statutes cited by defendant as the basis for removal, 18 U.S.C. §§ 3182, 2265 & 2266 -- all criminal statutes -- have no bearing on this case.  Nor does defendant's attempt to invoke the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA") suffice as a basis for jurisdiction.  Although the Court construes his *pro se* pleadings liberally, that provides no aid to defendant because there is no federal cause of action pursuant to the UCCJEA.  Instead, the District of Columbia's UCCJEA was enacted pursuant to the Parental Kidnapping and Prevention Act, 28 U.S.C. § 1738A, which, in turn, sought to "avoid jurisdictional competition and conflict between state courts" by extending full faith and credit to custody decrees entered into by sister state courts.  Thompson v. Thompson, 484 U.S. 174, 178 (1988); see also Kenda v. Pleskovic, 39 A.3d 1249, 1254-55 (D.C. 2012) (describing history and purpose of UCCJEA and relationship to 28 U.S.C. § 1738A).  Courts have consistently held that 28 U.S.C. § 1738A does not convey federal jurisdiction over custody disputes.  See, e.g., Thompson, 484 U.S. at 186 (no federal cause of action pursuant to 28 U.S.C. § 1738A over two conflicting state custody decrees); Rogers v. Platt, 814 F.2d 683, 695 (D.C. Cir. 1987) (rejecting invocation of  28 U.S.C. § 1738A as basis for federal question jurisdiction and concluding no subject matter jurisdiction over interstate child custody dispute).  More generally, child custody disputes of this nature fall within "the field of domestic relations, over which the federal courts have no general jurisdiction . . . and in which the state courts have a special expertise and experience."  See Lazaridis v. Wehmer, 591 F.3d 666, 671 (3d Cir. 2010) (quoting and citing Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000)); see also Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern.").

3

Defendant's claim based on the allegedly false nature of plaintiff's filings in the Superior Court custody proceedings, and his purported damages of $10,000,000, also fail to supply the jurisdictional hook to allow removal.  See Lazorko v. Penn. Hosp., 237 F.3d 242, 251 (3d Cir. 2000) ("When the underlying federal subject matter jurisdiction upon which to remove a case from state court does not exist, the entire case must be remanded."), cert. denied, 533 U.S. 930 (2001); see also NASA Fed. Credit Union v. W. Jenkins Plumbing & Heating Co., 607 F. Supp. 2d 213, 215-16 (D.D.C. 2009) (focusing on plaintiff's claims, rather than defendant's counterclaims, as the basis for federal jurisdiction); Quality Mgmt., LLC v. Time & Place World, LLC, 521 F. Supp. 2d 83, 85-86 (D.D.C. 2007) (rejecting removal of case despite defendant's counterclaim, which satisfied the amount in controversy requirement for diversity jurisdiction, when plaintiff's claims did not).

Accordingly, having concluded that the Court lacks subject matter jurisdiction over this case and that removal is inappropriate, it is hereby **ORDERED** that this case is **REMANDED** to the Superior Court for the District of Columbia.

**SO ORDERED**.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Date:   June 28, 2012